IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David Corbett<br>　　　　　Debtor | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust<br>　　　　　Movant<br>vs.<br>David Corbett<br>　　　　　Debtor<br>William C. Miller, Esq.<br>　　　　　Trustee | NO. 16-14836-AMC<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on the Debtor's residence is $5,295.80, which breaks down as follows:

Post-Petition Payments:　　　August 2016 through January 2017 at $710.80
Fees & Costs Relating to Motion:　$850.00 Attorney Fee; $181.00 Court Filing Cost
**Total Post-Petition Arrears**　　**$5,295.80**

2. Debtor shall cure said arrearages in the following manner:

a). Within thirty (30) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include post-petition arrears in the amount of $5,295.80 along with pre-petition arrears.

b). Movant will file an Amended Proof of Claim in accordance with Debtor's Amended Chapter 13 Plan to include post-petition arrears in the amount of $5,295.80 along with pre-petition arrears.

c). Beginning February 2017, Debtor shall pay the present regular monthly payment of $711.71 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month) at the address below:

Rushmore Loan Management Services, P.O. Box 52708, Irvine, CA 92619-2708.

d). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 23, 2017

By: /s/ Thomas I. Puleo, Esquire
Thomas Puleo, Esquire
Attorney for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 1/27/2017

Brandon J. Perloff
Attorney for Debtor

Date: 4-11-17

William C. Miller   JACK MILLER
Chapter 13 Trustee

Approved by the Court this 12th day of April 2017, However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan